**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                    CASE NO.

MELVIN RAY ROGERS                         05-04110-5-ATS

     DEBTOR

**ORDER REGARDING MOTION FOR VALUATION**
**AND OBJECTION TO CONFIRMATION**

The matter before the court is the motion for valuation filed by the debtor and the objection to confirmation filed by Real Time Resolutions, Inc. ("RTR"). A hearing took place in Raleigh, North Carolina on December 20, 2005.

Melvin Ray Rogers filed a petition for relief under chapter 13 of the Bankruptcy Code on September 23, 2005. He filed a motion to value his property at 504 Barksdale Drive, Raleigh, North Carolina, contending that the fair market value is less than the amount of the first deed of trust against the property, and the second deed of trust held by RTR should be treated as unsecured. RTR filed an objection to confirmation of the debtor's plan, which treats RTR as unsecured based on the debtor's valuation of the property.

Mr. Rogers contends that the property on Barksdale Drive is worth $83,650. Chase Manhattan Mortgage Corporation holds a first deed of trust against the property in the amount of $83,461. The Wake County Department of Revenue holds a lien in the amount of $1,104.79. RTR's

claim is approximately $58,788.  Though the tax value of the property is $108,000, Mr. Rogers testified that his property is in poor condition and is worth less than $84,000.  Mr. Rogers testified that the house next door recently sold for $100,000, but the property is distinguishable because his neighbor spent substantial sums landscaping and adding aluminum siding to his house.  Mr. Rogers also relies on the fact that prior to his filing bankruptcy, Chase foreclosed on the house and it sold for only $83,625.[1]

Based on the Wake County tax value and the sales of comparable properties, the court concludes that the value of the property is at least $100,000, and RTR's lien may not be stripped.  The court will allow the debtor some time to modify his plan to accommodate RTR's secured claim, and will set this matter for a status conference in approximately 30 days.

SO ORDERED.

DATED:  December 21, 2005

A. Thomas Small
United States Bankruptcy Judge

---

[1] Mr. Rogers filed his bankruptcy petition prior to the expiration of the 10-day upset bid period, so the foreclosure sale was not completed.

2